BEFORE THE FIRST DIVISION, MAY 24, 1940

**No. 43769.**—Protest 972293–G of M. S. Cowen Co. (Seattle).

BROWN, Judge: This is a suit brought against the United States for the recovery of a tax imposed on merchandise described on the invoice as "vegetable shortening" imported into the United States from the Philippine Islands.   From the official papers, including the special report of the appraiser in answer to the protest, which was timely and therefore may be considered a part of the record, it appears that a tax at the rate of 3 cents per pound was taken on the total weight of the imported merchandise under the provision in section 602½ of the Revenue Act of 1934, as amended by section 702 of the Revenue Act of 1936, for "cocoanut oil  *  *  *  or any combination or mixture containing a substantial quantity" of such oil.   The protest claim is that the tax should have been taken under the provision in section 601 (c) (8) of the Revenue Act of 1932, as amended by section 701 of the Revenue Act of 1936, which reads as follows:

*  *  *  any article  *  *  *  10 per centum or more of the quantity by weight of which consists of, or is derived directly or indirectly from, one or more of the products specified  *  .*  *  in section 602½ of the Revenue Act of 1934, as amended, a tax at the rate or rates per pound equal to that proportion of the rate or rates prescribed in  *  *  *  section 602½ in respect of such product or products which the quantity by weight of the imported article  *  *  *  consisting of or derived from such product or products, bears to the total weight of the imported article  *  *  *.

On the trial of the issue it was stipulated in open court by counsel that the merchandise consists of—

—a combination or mixture of cocoanut oil and hydrogenated soy bean oil, and that 88 per cent of the total mixture by weight was cocoanut oil and the balance of 12 per cent hydrogenated soy bean oil.

and the protest was thereupon submitted, time being allowed for the filing of briefs.

The brief filed on behalf of the Government seeks to support the imposition of the tax by the collector on the ground that the merchandise in fact consists of a mixture containing a substantial quantity of cocoanut oil such as is provided for in section 602½ of the Revenue Act of 1934, as amended.

Examination of that statute reveals, however, that, standing alone, it does not purport to lay a tax on the importation of merchandise but only on the first domestic processing of certain oils.   For the purpose of classification and determination of the rate of tax to be imposed under the provisions of section 601 (c) (8), *supra*, on certain imported "articles," "merchandise," or "combinations" consisting in part of the products specified in section 602½, *supra*, reference is required to be made to the provisions of that section, but it will be noted that the tax is laid on such "articles," "merchandise," or "combinations" under the provisions of section 601 (c) (8), *supra*, and not on the products named in section

602⅓, *supra*. The merchandise in issue, consisting of an "article" or "combination" 10 per centum or more of the quantity by weight of which consists of cocoanut oil, is therefore subject to tax under the provisions of section 601 (c) (8), as claimed by the plaintiff.

The record shows that there were 9,147 pounds of the involved merchandise imported, and since it is stipulated that 88 per centum thereof, or 8,049 pounds by weight, consisted of cocoanut oil, the tax on which under the provisions of section 602½, *supra*, was 3 cents per pound, the rate to be imposed on the merchandise in issue under the provisions of section 601 (c) (8) is determined by the following calculation:

$$8049:9147::x:3\cent$$

The result of the foregoing is that $x = 2.64$ cents, and judgment will therefore issue sustaining the protest claim and directing that the collector refund any tax collected in excess of 2.64 cents per pound on 9,147 pounds.

CLINE, J. I concur in the result.