No. 64027.—F. C. Mackay *v.* United States, protests 58/20672, 58/25887, and 59/4250 (Pembina).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of prepared or preserved pork similar in all material respects to that the subject of *C. J. Tower & Sons* v. *United States* (43 Cust. Ct. 36, C.D. 2100), the claim of the plaintiff was sustained.

Opinion by DONLON, J. The protest was dismissed.

BEFORE THE FIRST DIVISION, MARCH 25, 1960

No. 64032.—F. C. Mackay *v.* United States, protest 58/15954 (Pembina).

MOLLISON, Judge: The merchandise involved herein is described on the invoice as vegetable oil soapstock. Duty was assessed thereon at the rate of 10

per centum ad valorem under the provision in paragraph 53 of the Tariff Act of 1930, as modified, for vegetable oils, not specially provided for, and taxes under the Internal Revenue Code of 1954 were imposed at the rate of 2 cents per pound under the provisions of section 4511(b) of the code on the coconut oil content, at the rate of ¾ cent per pound under section 4561 on the herring oil content, and upon the entire shipment at the rate of ¾ cent per pound under section 4581.

While one of the protest claims is for duty at the rate of 10 per centum under the provision in paragraph 1558 of the Tariff Act of 1930, as modified, for non-enumerated manufactured articles, that claim is not pressed, inasmuch as the rate of duty claimed is the same as the rate of duty assessed under the tariff act provisions. Moreover, the plaintiff does not dispute the *amounts* of the taxes imposed on the coconut oil and herring oil contents of the imported soapstock, although he contends, quite correctly, that the taxes are properly *imposed* under section 4581, rather than under sections 4511(b) and 4561.

Plaintiff's protest is directed primarily against the action of the collector in assessing tax at the rate of ¾ cent per pound on the *entire weight* of the imported soapstock, and it is conceded in the brief filed on behalf of the defendant that "the assessment of ¾ cents per pound on the total weight of the imported merchandise, 52,333 pounds, was improper."

Counsel for the plaintiff has cited as applicable and dispositive of the issue the decision of this court in the case of *M. S. Cowen Co.* v. *United States*, 4 Cust. Ct. 491, Abstract 43769, and counsel for the defendant has cited for the same purposes the case of *Bjelland, Lange & Co., Inc.* v. *United States*, 41 C.C.P.A. (Customs) 168, C.A.D. 545.

The cited cases arose under internal revenue taxing statutes which were the predecessors of the present Internal Revenue Code of 1954. The result or effect of those statutes, in their application to merchandise such as that before us, was the same as the result or effect of section 4581 of the Internal Revenue Code of 1954, but a simplification of the method of calculating the tax was written into the latter provision.

In the earlier statutes, the tax was imposed upon the *entire weight of the imported article* at a rate which was the result of a mathematical proportion which may be expressed as follows: The rate applicable to the entire weight of the imported article was to the rate applicable to that quantity thereof which consisted of, or was derived from, a taxable product as the weight of the taxable content was to the weight of the entire imported article.

It is obvious that the result of this proportion usually gave a rate somewhat unwieldy in application, e.g., 2.64 cents per pound in the *Cowen* case and 0.0035 cent per pound in the *Bjelland* case, and, moreover, it was found that it was possible to avoid such unwieldy rates and the calculation of the proportion and achieve the same results by the simple device of imposing the tax, not upon the entire quantity by weight of the imported article, but only upon that quantity by weight of the article which consists of, or was derived from, a taxable product, at the full rate applicable to the taxable product.

The soapstock before us is concededly an—

* * * article, merchandise, or combination * * * 10 percent or more of the quantity by weight of which consists of, or is derived directly or indirectly from [two taxable products, to wit, coconut oil, taxable under section 4511(b), and herring oil, taxable under section 4561, I.R.C. 1954],

and, under the provisions of section 4581 of the Internal Revenue Code of 1954, such soapstock is to be taxed—

* * * on the quantity by weight of such [soapstock] which consists of, or was derived directly or indirectly from [coconut oil and herring oil],

and the rate or rates applicable upon that quantity—

* * * shall be at the rate or rates stated [in the Internal Revenue Code] in respect of [coconut oil and herring oil] * * *.

Plaintiff is, therefore, correct in his claim that the only internal revenue taxes which are applicable to the soapstock in issue are those provided for in section 4581, *supra*, and that the taxes therein provided for are to be imposed only upon the quantity by weight of the soapstock which consists of, or was derived directly or indirectly from, coconut oil and herring oil, and that the rates of taxes to be imposed on those quantities are those specified in sections 4511(b) (coconut oil) and 4561 (herring oil).

Judgment will, therefore, issue sustaining the protest claim with respect to taxes under the Internal Revenue Code accordingly.